IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

FILED/REC'D

2026 MAY -8 A 9: 43

CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

JAIME JOHNSON,

Plaintiff,

v.

26-cv-436-wmc

SARA WOLOSEK, in her individual capacity,

GRADY HARTMAN, in his individual and official capacity,

TERRI HOOK, in her individual and official capacity,

MARK NEUMAN, in his individual and official capacity,

KELLY MOERMOND, in her individual capacity,

ONEIDA COUNTY,

Defendants.

---

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
(42 U.S.C. § 1983)

---

## I. JURISDICTION

1. This action arises under the Constitution and laws of the United States, including the First, Fourth, and Fourteenth Amendments and 42 U.S.C. § 1983.

2. This Court has jurisdiction under 28 U.S.C. § 1331.

3. Venue is proper in this district because all events occurred in Oneida County, Wisconsin.

---

## II. PARTIES

4. Plaintiff Jaime Johnson is a Wisconsin resident.

5. Defendant Sara Wolosek was at all relevant times a deputy employed by Oneida County, acting under color of state law.

6. Defendant Grady Hartman was Sheriff of Oneida County and a final policymaker responsible for jail operations, training, and discipline.

7. Defendant Terri Hook was Chief Deputy with supervisory authority over staff and inmate complaint procedures.

8. Defendant Mark Neuman was Jail Administrator responsible for PREA compliance and grievance handling.

9. Defendant Kelly Moermond was assigned as a PREA investigator.

10. Defendant Oneida County is the municipal entity responsible for policies, customs, and practices governing the Sheriff's Office and jail operations.

## III. STATEMENT OF FACTS

This case arises from an unlawful strip search and subsequent retaliation and obstruction of Plaintiff's attempts to report misconduct.

11. On May 23, 2023, Plaintiff was subjected to a strip search conducted by Defendant Sara Wolosek at the Oneida County Jail.

12. The search was conducted as a cross-gender strip search, without exigent circumstances, while Plaintiff was compliant and non-combative.

13. The search occurred in the presence of additional female staff not necessary to conduct the search.

14. The search took place in a video-monitored room, and the recording was accessible through the jail's CCTV system by staff not involved in the search, exposing Plaintiff's nudity beyond what was reasonably necessary.

15. The search was conducted in a degrading and humiliating manner.

16. The incident was recorded on video, which shows Plaintiff's compliance and the manner of the search.

17. The conduct violated PREA regulations prohibiting cross-gender strip searches absent emergency conditions.

18. After the incident, Plaintiff made repeated attempts to file formal complaints through all available jail channels.

19. Plaintiff made more than 40 requests and submissions seeking to report the incident and initiate review.

20. None of Plaintiff's complaints were accepted, documented, or investigated.

21. Plaintiff received no meaningful response or guidance on how to properly file a complaint.

22. On or about late May to June 2023, Defendant Terri Hook threatened Plaintiff with administrative segregation, stating in substance that if he continued to submit complaints he would be placed in segregation.

23. Plaintiff was subsequently placed in administrative segregation after continuing to pursue how to file complaints.

24. The placement was punitive and intended to deter Plaintiff from exercising his right to report misconduct.

25. Defendant Mark Neuman failed to ensure compliance with PREA standards and failed to properly process Plaintiff's complaint.

26. Defendant Kelly Moermond failed to conduct a meaningful or impartial investigation into Plaintiff's allegations.

27. Defendant Grady Hartman maintained policies or practices that permitted:
    a. Cross-gender strip searches without exigent circumstances;
    b. Excessive exposure through surveillance systems;
    c. Failure to document and investigate inmate complaints;
    d. Retaliation against inmates who attempt to report misconduct.

28. As a result of Defendants' refusal to process complaints, Plaintiff was forced to seek relief through a writ of mandamus in state court (Case No. 2026CV000068).

---

## IV. CLAIMS FOR RELIEF

COUNT I – Fourth Amendment (Unreasonable Strip Search)

29. Plaintiff incorporates all prior paragraphs.

30. Defendant Wolosek conducted a strip search that was unreasonable under the Fourth Amendment.

31. The cross-gender nature of the search, lack of necessity, presence of observers, and exposure through video surveillance rendered the search excessive.

32. Plaintiff's compliance eliminates any justification for the manner of the search.

---

## COUNT II – First Amendment (Retaliation / Denial of Right to Petition)

33. Plaintiff incorporates all prior paragraphs.

34. Plaintiff engaged in protected conduct by attempting to file complaints.

35. Defendants Hook and others interfered with and obstructed Plaintiff's ability to do so.

36. Plaintiff was threatened and placed in administrative segregation as a result.

37. These actions would deter a person of ordinary firmness from exercising constitutional rights.

## COUNT III – Fourteenth Amendment (Due Process)

38. Plaintiff incorporates all prior paragraphs.

39. Plaintiff was subjected to punitive administrative segregation without due process.

40. The placement was imposed in response to Plaintiff's protected conduct and without meaningful procedural protections.

## COUNT IV – Municipal Liability (Monell Claim)

41. Plaintiff incorporates all prior paragraphs.

42. As demonstrated by the events described above, the violations were caused by policies, customs, or practices of Oneida County, including:
    a. Failure to train staff on lawful strip search procedures;
    b. Failure to enforce PREA-compliant practices;
    c. Failure to maintain a functioning complaint system;
    d. Tolerance of retaliation against inmates reporting misconduct.

43. These policies and failures demonstrate deliberate indifference to constitutional rights.

44. The policies and practices were the moving force behind the violations suffered by Plaintiff.

## V. DAMAGES

45. Plaintiff suffered humiliation, emotional distress, and mental anguish.

46. Plaintiff seeks compensatory damages in an amount to be determined by the jury.

47. Plaintiff seeks punitive damages against individual defendants.

48. Plaintiff seeks any additional relief deemed appropriate.

---

## VI. JURY DEMAND

Plaintiff demands a trial by jury.

---

Respectfully submitted,

5-3-26

Jaime Johnson
310 Park Ave
Wausau, WI 54403
(715) 216-7556
Freerangerooster85@gmail.com